By the Court:
This is a suit in mandamus to compel the auditor of Franklin county to draw his warrant on the treasurer of the county for the payment of certain fees, claimed to be due him as justice of the peace, made in a prosecution instituted before him by Brook L. Terry, fish and game warden of the county, against William Jacobs, for a violation of section 6968, punishing certain offenses against the fish and game laws of the State. The defendant answered, claiming that the section of the Revised Statutes, 409, providing for the appointment of a fish and game? warden in each county is void, for the reason that such offices are county offices and must be. filled by election and not by appointment; and, also, averring that there was no fund in the treasury for the payment of such costs. The questions are presented on a demurrer to the answer. It is not necessary to consider the second ground of refusal to draw the warrant, as we are of the opinion that the office *172 created by section 409, Revised Statutes, is an elective one to be filled by the people of the county, and that the commissioners of fish and game cannot be authorized to fill it by appointment. The constitution requires all county officers to be elected by the electors of the county (article 10, section 2). The part of the section creating the office reads as follows: “The commissioners shall, at their annual meeting in January, or at any other time, appoint a fish and game warden in each county in the State, who shall hold his office for two years, unless sooner removed, and they shall also appoint a special warden for Lake Erie, and for Mercer county, Lewiston, Licking, Laramie and Sippo reservoirs of the State; each warden shall, before entering upon the discharge of his duties, give a bond to the State, with sureties to the satisfaction of the commissioners in the sum of two hundred dollars, conditioned for the faithful performance of the duties of his office, which bond shall be deposited with the commissioners; and it shall be the duty of the wardens, under the general direction of the commissioners, to appoint such assistants as they may require to assist them in policing the territory, both land and water, of their respective counties and territories, arresting wherever found in the State all violators of the laws of the State enacted for the protection of fish and game.”
Thé distinguishing characteristic of a public officer is, that the incumbent, in an independent capacity, is clothed with some part of the sovereignty of the State, to be exercised in the interest of the public as required by law. The office must be of a continuous character as opposed to a temporary employment, though the time be divided into terms to be' filled by election or appointment in accordance with the genius of our system of government; and a bond *173 and an oath of office are generally, though not always, required for the faithful performance of the duties of the incumbent; and compensation is made either .by salary or fees, or both. Meachem, Officers and Offices, section 4; High on Leg. Rem., section 625; State v. Brennan, 49 Ohio St., 33; State ex rel. v. Jennings, 57 Ohio St., 415.
Here then are all the distinguishing characteristics of a public officer as usually defined and understood: A warden, denominated a “county warden,” is to be appointed in each county of the State; the appointment is not for a temporary purpose, the office is made continuous, though the appointment of an individual to fill it, is for a term, one, as just seen, of the usual characteristics of an office; a bond is required for the faithful performance of the duties, and these duties are of a public character — the enforcement of the laws of the state in their “respective counties,” made for the preservation of fish and game. Moreover, by other sections of the Revised Statutes (6966-2 and 6968), a county warden acts as a constable or sheriff in prosecutions instituted by him; makes arrests, subpoenas witnesses and jurors, and has charge of the jury in its retirement; and, on conviction, conducts the defendant to the jail of the county. The commissioners of the county are required to allow him a salary, not exceeding three hundred dollars annually; and, is also entitled to certain fees, such as is allowed sheriffs and constables for similar services. These wardens are not only appointed for their respective counties, but their duties are limited to “policing the territory” thereof. Hence, their duties being of a public nature and limited to their counties, they are, in every sense, as much county offi- ' cers within the sphere of their duties, as are county *174 sheriffs; and are, therefore, elective and not appointive officers.
The appointment of “special wardens” for Lake Erie and the respective reservoirs of the State, stands on different ground, and such appointments are not necessarily affected by this decision. They are properly state officers and not required to be elected by the people.
For the reasons stated we think that the demurrer to the answer should be overruled, and the petition dismissed.

Judgment accordingly.